```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF ALABAMA
                      SOUTHERN DIVISION
```

```
GREGORY WOULLARD,                 :
                                  :
     Petitioner,                  :
                                  :
vs.                               :     CIVIL ACTION 11-0706-KD-M
                                  :
CYNTHIA WHITE,                    :
                                  :
     Respondent.                  :
```

REPORT AND RECOMMENDATION

This is an action under 28 U.S.C. § 2254 by an Alabama inmate which was referred for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 72.2(c)(4), and Rule 8 of the Rules Governing Section 2254 Cases.  This action is now ready for consideration.  The state record is adequate to determine Petitioner's claims; no federal evidentiary hearing is required.  It is recommended that this habeas petition be dismissed as time-barred and that judgment be entered in favor of Respondent Cynthia White and against Petitioner Gregory Woullard pursuant to 28 U.S.C. § 2244(d).  It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

On August 19, 2002, pursuant to a plea agreement,

1

Petitioner was convicted of first-degree theft and two counts of second-degree possession of a forged instrument in the Montgomery County Circuit Court (case 02-0499); on September 23, 2002, he received twenty-year sentences for each of the three counts, to be served concurrently with each other, in the state penitentiary (Doc. 10, p. 1 and Exhibit 1).[1]  Woullard did not appeal the convictions or sentences (Doc. 10, pp. 1-2; *cf.* Doc. 1, p. 3).

On September 28, 2006, pursuant to a plea agreement, Petitioner pled guilty to two counts of second-degree possession of a forged instrument in the Montgomery County Circuit Court (cases 2006-0755, 2006-0792); on November 3, 2006, he was sentenced to twenty-five year terms on each count, to be served concurrently with each other (Doc. 10, p. 2 and Exhibits 2-3). Woullard did not appeal the convictions or sentences (Doc. 10, p. 2; *cf.* Doc. 1, p. 3).

On May 28, 2009, pursuant to a plea agreement, Petitioner pled guilty to four counts of second-degree possession of a forged instrument and one count of obstructing justice by means of a false identification in the Mobile County Circuit Court

---

[1]Respondent asserts that Petitioner was convicted of one count each of first- and second-degree possession of a forged instrument (Doc. 10, p. 1); Alabama Department of Corrections records indicate that both counts were second-degree charges (Doc. 10, Exhibit 1).

2

(cases 09-0880, 09-0881, 09-0882, 09-1146, 09-1147); on June 9, 2009, he was sentenced to twenty years on each count, all to be served concurrently (Doc. 10, pp. 2-3 and Exhibits 4-8).  It is further noted that the sentences imposed were ordered to be served concurrently to the twenty-five year sentences imposed in November 2006 (cases 2006-0755, 2006-0792) (*see* Doc. 10, Exhibit 4, p. 4; Exhibit 5, p. 3; Exhibit 6, p. 3; Exhibit 7, p. 3; Exhibit 8, p. 3).  Woullard did not appeal the convictions or sentences (Doc. 10, p. 3; *cf*. Doc. 1, p. 3).

On August 6, 2009, pursuant to a plea agreement, Petitioner was convicted of one count of second-degree possession of a forged instrument in the Mobile County Circuit Court (case 09-2123); on August 25, 2009, he was sentenced to twenty years in prison (Doc. 10, pp. 3-4 and Exhibit 11).  It is noted that the sentence imposed was ordered to be served concurrently to the twenty-year sentences imposed in May 2009 (cases 2009-882, 2009-1146) and the twenty-five year sentence imposed in November 2006 (case 2006-0755) (Doc. 10, Exhibit 11, p. 3).  Woullard did not appeal the conviction or sentence (Doc. 10, p. 4; *cf*. Doc. 1, p. 3).

On September 10, 2010, Petitioner filed a Motion to Amend the Sentencing Transcript, in the Montgomery County Circuit Court, in which he sought to have all sentences imposed

subsequent to the initial three sentences imposed in September 23, 2002 (case 02-0499) to be run concurrently, so that his total sentence for all convictions would run no more than a total of twenty-five years (Doc. 10, Exhibit 12).  That motion was denied on September 24, 2010 (*see* Doc. 10, Exhibit 3, p. 5).  There was no apparent appeal of that denial.

Petitioner filed a complaint with this Court on December 9, 2011[2] raising the single claim that his sentences from his 2006 and 2009 convictions should have been configured to run concurrently with the sentences from his 2002 convictions and that, since they were not configured that way, he is being unlawfully detained (Doc. 4).

Respondent has answered the petition, arguing that it should be dismissed as it was not filed within the one-year statute of limitations period (Doc. 10, pp. 8-11).  Respondent refers to provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 (hereinafter *AEDPA*) which amended, in pertinent part, 28 U.S.C. § 2244.  The specific provision states as follows:

> A 1-year period of limitation shall apply to

---

[2] Woullard initially filed a petition in this Court on December 9, 2011 (Doc. 1).  However, pursuant to this Court's Order, he completed and submitted another petition on this Court's form which was filed on January 4, 2012 (Doc. 4).

> an application for a writ of habeas corpus
> by a person in custody pursuant to the
> judgment of a State court. The limitation
> period shall run from the latest of the date
> on which the judgment became final by the
> conclusion of direct review or the
> expiration of the time for seeking such
> review.

28 U.S.C. § 2244(d)(1)(A). The AEDPA became effective on April 24, 1996. *Goodman v. United States*, 151 F.3d 1335, 1336 (11th Cir. 1998).

The Court notes that Petitioner's most recent conviction became final on October 6, 2009,[3] the final day on which Woullard could appeal his conviction and sentence. Ala.R.App.P. 4(b)(1) ("In a criminal case a notice of appeal by the defendant shall be filed with the clerk of the trial court within 42 days (six weeks) after pronouncement of the sentence, provided that the notice of appeal may be oral, as provided in Rule 3(a)(2)"). That means that the AEDPA clock began to run the next day, October 7, 2009 and expired on October 6, 2010.

Petitioner's habeas corpus petition was not filed in this Court until December 9, 2011, more than fourteen months after the grace period had expired. However, Woullard had filed a

---

[3] The Court is using this date as the basis for consideration in an effort to ensure that every possibility of satisfying the AEDPA is explored. As the time has lapsed for Woullard on his most recent conviction, as will be shown, the time has lapsed for all convictions.

Motion to Amend the Sentencing Transcript in State Court on September 10, 2010, one month before the grace period had expired.  The Court notes that AEDPA states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  28 U.S.C. § 2244(d)(2).

The State did not finish with Petitioner's Motion until September 24, 2010 (*see* Doc. 10, Exhibit 3, p. 5).  Even so, excluding these fifteen days from the calculation still results in this action being filed beyond the AEDPA limitations period.[4]

Clearly, Petitioner's habeas corpus petition was filed too late and in violation of 28 U.S.C. § 2244(d).  The Court finds that Petitioner has provided no cause for ignoring the dictates of the Anti-Terrorism and Effective Death Penalty Act of 1996: this action is time-barred.[5]

The Court further notes that Respondent has claimed that Petitioner has procedurally defaulted on the claim raised in this Court (Doc. 10, pp. 11-12).  It is noted that a United

---

[4]Though the Court doubts that Petitioner's Motion qualifies as a "properly filed application" under AEDPA, it is of no moment for purposes of this petition.
[5]The Court has reviewed Woullard's supplemental submission (Doc.

States Supreme Court decision, *Harris v. Reed*, 489 U.S. 255 (1989), discussed procedural default and stated that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on a state procedural bar."  *Harris*, 489 U.S. at 263, *citing Caldwell v. Mississippi*, 472 U.S. 320, 327 (1985), *quoting Michigan v. Long*, 463 U.S. 1032, 1041 (1983).  However, in *Teague v. Lane*, 489 U.S. 288 (1989), the U.S. Supreme Court stated that the rule of *Harris* is inapplicable where a habeas petitioner did not raise a particular claim in state courts so that they never had the opportunity to address the claim.

   The evidence of record demonstrates that Woullard has admitted that he did not appeal any of his convictions (Doc. 4, p. 3).  To the extent he did seek redress in his Motion to Amend the Sentencing Transcript, he did not appeal the denial of that motion.  Because Petitioner did not pursue his claim in a timely fashion before the Alabama appellate courts, it is procedurally defaulted under *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("[W]e conclude that state prisoners must give the state courts

---

15) but finds nothing there providing relief from AEDPA.

one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

The record supports Respondent's assertions: this claim is procedurally defaulted under both *Teague* and *O'Sullivan.*

However, where the state courts have found claims of a petitioner to be procedurally defaulted and those courts have refused to address the merits of those claims, as is the case here, all chance of federal review is not precluded. The Eleventh Circuit Court of Appeals, in addressing the review of these claims, has stated the following:

> Under *Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977) and its progeny, noncompliance with a state procedural rule generally precludes federal habeas corpus review of all claims as to which noncompliance with the procedural rule is an adequate ground under state law to deny review. If a petitioner can demonstrate both cause for his noncompliance and actual prejudice resulting therefrom, however, a federal court can review his claims.

*Booker v. Wainwright*, 764 F.2d 1371, 1376 (11th Cir.) (citations omitted), *cert. denied*, 474 U.S. 975 (1985). A claimant can also avoid the procedural default bar if it can be shown that a failure to consider the claims will result in a fundamental

miscarriage of justice.  *Engle v. Isaac*, 456 U.S. 107, 135 (1982); *see also Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this action, Petitioner has demonstrated neither cause nor prejudice for failing to raise his claim in a timely manner in the State courts.  Furthermore, Woullard has not shown that this Court's failure to discuss the merit of this claim will result in a fundamental miscarriage of justice being visited upon him.  Therefore, the Court considers the claim in this Court to be procedurally defaulted and the Court will not address its merit.

For the reasoning stated herein, it is recommended that this habeas petition be dismissed as time-barred and because the claim is procedurally defaulted.  It is further recommended that judgment be entered in favor of Respondent Cynthia White and against Petitioner Gregory Woullard pursuant to 28 U.S.C. § 2244(d).

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant").  The habeas corpus statute

makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Woullard's claim is procedurally defaulted in the State Courts and is time-barred by AEDPA in this Court, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

**CONCLUSION**

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, be denied as time-barred and the claim procedurally defaulted. It is further recommended that, should Petitioner file a certificate of appealability, it be denied as he is not entitled to appeal *in forma pauperis*.

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1.  **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing

11

>the objection, a brief setting forth the party's
>arguments that the magistrate judge's recommendation
>should be reviewed de novo and a different disposition
>made.  It is insufficient to submit only a copy of the
>original brief submitted to the magistrate judge,
>although a copy of the original brief may be submitted
>or referred to and incorporated into the brief in
>support of the objection.  Failure to submit a brief
>in support of the objection may be deemed an
>abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     **Transcript (applicable where proceedings tape recorded)**.
Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this action are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this 29th day of May, 2012.


                                    s/BERT W. MILLING, JR.
                                    UNITED STATES MAGISTRATE JUDGE