## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **GREGORY WOULLARD,** | : | |
| **Petitioner,** | : | |
| **vs.** | : | **CIVIL ACTION NO. 11-00706-KD-M** |
| **CYNTHIA WHITE,** | : | |
| **Respondent.** | : | |

## ORDER

This action is before the Court on petitioner Gregory Woullard's motion for alternative dispute or statement of objection which this Court shall construe as Woullard's objections to the Report and Recommendation[1] (doc. 19).  For the reasons set forth herein, the order stating that no objections had been filed and the judgment entered June 26, 2012 (docs. 17, 18) are vacated.

Accordingly, after due and proper consideration of all portions of this file deemed relevant to the issue raised, and *de novo* review to that portion of the Recommendation to which Woullard has made a statement of objection, the Report and Recommendation of the Magistrate Judge made under 28 U.S.C. § 636(b)(1)(B) is ADOPTED as the opinion of this Court.

Accordingly, it is ORDERED that this habeas petition be DISMISSED as time-barred. It is further ORDERED that should Petitioner file a Certificate of Appealability, it be DENIED because Woullard is not entitled to appeal in forma pauperis.

Previously, on May 30, 2012, the Magistrate Judge entered a Report and Recommendation which explained the time frame for Woullard to file his objections (doc. 16).  The objections were

---

[1]  "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1159-1160 (11th Cir. 2003) *quoting Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir.1998) (*per curiam*).

due June 19, 2012, no objections were docketed, and on June 26, 2012, the Court adopted the

Report and Recommendation and entered judgment in favor of defendant White (docs. 17, 18).

Now, Woullard has filed his statement of objections (doc. 19).  Review shows that the statement

was signed on June 4, 2012 and that Woullard served a copy by U.S. Mail on June 4, 2012 (doc. 19,

Certificate of Service).  However, the statement was not docketed until July 5, 2012 (doc. 19).  The

postmark indicates that the statement was mailed on July 2, 2012, almost one month later than

signed and certified by Woullard.

Because Woullard is a *pro se* petitioner, his statement is deemed filed on the date he

delivered the statement for mailing in the prison's mail system.[2]  Also, Woullard is entitled to a

presumption of delivery for mailing on the same day that he signed.[3]  Therefore, Woullard's

statement is deemed filed on June 4, 2012, which is before the June 19, 2012, deadline.  Therefore,

the Court has now considered Woullard's statement of objections to the Report and

Recommendation.

The Clerk is directed to mail a copy of this order and judgment to Woullard at his most

recent address - P.O. Box 4000, J. O. Davis Correctional Facility, Atmore, Alabama 36503.

**DONE** and **ORDERED** this 13th day of July, 2012.

**s/Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[2] Under the "mailbox rule," a *pro se* inmate's documents are deemed filed on the date of delivery to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 271-72, 108 S.Ct. 2379 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir.1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993); *Ex parte Allen*, 825 So.2d 271, 272 (Ala.2002) (applying same to a Rule 32 petition).

[3] "Absent evidence to the contrary, there is a presumption that a prisoner delivered his pleadings to prison officials on 'the day he signed it.'" *United States v. Miller*, 420 Fed. App'x 912, 913 n. 3 (11th Cir. 2011) (citation omitted).